**In re Jeffrey J. PROSSER, Appellant.**

No. 08–2692.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) Dec. 1, 2009.

Opinion filed: July 23, 2010.

Norman A. Abood, Esq., Toledo, OH, Alex M. Moskowitz, Esq., A.J. Weiss & Associates, St. Thomas, VI, for Appellant.

Michaela C. Crocker, Esq., Thomas S. Leatherbury, Esq., Daniel C. Stewart, Vinson & Elkins, Dallas, TX, James H. Morawetz, Esq., Office of United States Trustee, Atlanta, GA, J. Daryl Dodson, Esq., Moore, Dodson & Russell, Charlotte Amalie, St. Thomas USVI, Toby L. Gerber, Esq., Fulbright & Jaworski, Dallas, TX, Gregg M. Galardi, Esq., Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE, for Defendant–Appellee.

Before: McKEE, Chief Circuit Judge, FUENTES, and NYGAARD, Circuit Judges.

## OPINION

McKEE, Chief Judge.

Jeffrey J. Prosser has appealed an order of the district court affirming an order of the bankruptcy court that denied reconsideration of an earlier order converting Prosser's Chapter 11 bankruptcy proceeding, 11 U.S.C. § 1101 *et seq.,* to a proceeding under Chapter 7, 11 U.S.C. § 701 *et seq.*

Inasmuch as the background facts leading to the conversion are recited in the district court's Memorandum Opinion, we find it unnecessary to recite those facts here. *See In re Prosser,* 2008 WL 2369187 (D.Vi. June 6, 2008). A bankruptcy court can convert a Chapter 11 proceeding to a proceeding under Chapter 7 for "cause." 11 U.S.C. § 1112(b). Section 1112(b)(4)(A)–(P) provides a list of factors that constitute "cause" for such a conversion. Certain of Prosser's creditors filed motions to convert Prosser's Chapter 11 proceeding to one under Chapter 7, and the bankruptcy court granted the motions after finding cause as set forth under the Bankruptcy Code. Thereafter the bankruptcy court denied Prosser's motion to reconsider that conversion and the district court subsequently affirmed the bankruptcy court's decision. This appeal followed.

"The bankruptcy court has broad discretion in deciding whether to ... convert a

chapter 11 case." *Loop Corp. v. United States Trustee,* 379 F.3d 511, 515 (8th Cir. 2004). After a full review of the record, the district court filed a Memorandum Opinion in which it carefully and fully explained its reasons for holding that the bankruptcy court did not abuse its discretion in converting Prosser's Chapter 11 proceeding to a Chapter 7 proceedings. We can add little to the district court's analysis and discussion. Accordingly, we will affirm substantially for the reasons set forth in the district court's Memorandum Opinion without further elaboration.